Richardson, J.,
delivered the opinion of the court:
The claimant did work for the District on and around a government reservation called Mount Yernon Place, in Washington, under a written contract with the Board of Public Works. When his work was completed it was measured by the chief engineer of the District, according to the terms of the contract, *168 an account was stated, between the parties by the public officers whose duty it was to do so, and he was paid by certificates of indebtedness for the full amount found due, and receipted for the same. Subsequently he sold said certificates at their market value, which was at a great discount from their face value, or exchanged them for bonds of the District, the market value of which was also below their face value.
He now claims judgment for the difference between the face value and the market value of the securities accepted by him in payment for his work.
This raises precisely the same question which we considered and decided recently iu another case of this same claimant (ante, p. 156), and it is unnecessary to set out again our reasons for holding that such a claim has no foundation in law and cannot be allowed. We refer to the opinion in that case .for an exposition of our views on that subject, and for that purpose we make it a part of our opinion in this case.
The claimant makes another demand for money had and received by the defendant to his use, under the following appropriations by Congress:
“ To enable the Secretary of the Interior to pay the expenditures made by the board of public works of the District of Columbia for paving roadway, and curbing and paving sidewalks, grading, sewerage, and other improvements upon and adjoining the property of the United States in the District of Columbia, one million two hundred and forty-one thousand nine hundred and twenty dollars and ninety-two cents, or so much thereof as may be necessary.
“Provided, That all payments made under this appropriation shall be made only upon vouchers approved by the officer m charge of the public buildings and grounds of the District, after full examination and measurement of said improvements, and the approval of the prices claimed therefor.
‘•'■And provided, further, That the said board of public works be, and they are hereby, prohibited from incurring or contracting further liabilities on behalf of the United States in the improvement of streets, avenues, and reservations beyond ’the amount of the appropriations previously made by Congress, and from entering into any contract touching such improvement on behalf of the United States, except in pursuance of appropriations made by Congress. (Aet January 8,1873, ch. 18,17 Stat. L., 405.)
u To reimburse the board of public works for work done around government reservations, not heretofore paid, one hundred and six thousand five hundred and thirty-three dollars.
*169 “To complete improvements of streets and avenues now in progress opposite and around government property, nine hundred and -thirteen thousand four hundred and ninety-seven dollars and twenty-six cents: Provided, That all payments made under this and the two preceding appropriations shall be made only upon vouchers approved by the officer in charge of the public buildings and grounds of the District, after full examination and measurement of said improvements, and the approval of the prices claimed therefor.” (Act March 3, 1873, ch. 227, 17 Stat. L., 526.)
Measurements were made and vouchers given by the Commissioner of Public Buildings and Grounds, upon which the District received more, under said appropriations, for work on and around Mount Yernon Place than it had paid to the claimant for his work there.
But the measurements thus made by the Commissioner are not proof of the quantity of work done by the claimant. The Commissioner might haVe erred in his measurements, or might have included therein work not done by the claimant. The vouchers given by him, whether right or wrong, were sufficient, if not conclusive, for the payment of the money to the District from those appropriations; but they were not only not binding, but they were not evidence, prima facie or otherwise, in any controversy between the present parties in relation to their contract and settlements with each other.
Had the Commissioner certified to less work than was done by the claimant, that fact would not have reduced the claimant’s demand for the amount due him, as established in the manner expressly agreed upon between them. So if he certified to more the claimant cannot demand for the excess.
By their own agreements the parties fixed and determined how and by whom the measurement of the claimant’s work should be made for the purpose of settlement between them. The contract expressly provides that the measurements shall be made by the engineer of the Board of Public Works or his assistants; that partial payments shall be made on the monthly estimates of the chief engineer of the board; and when said chief engineer shall certify, in writing, that the contractor has completely performed his contract on his part, and shall submit with said certificates his estimate of the amount due the contractor, then he shall be paid in full. By these provisions both parties were bound. The District claims Act, giving ju *170 risdiction to this court (Supplement to Rev. Stat., 562), makes those certificates prima facie evidence, and if resisted by either party it must be made to appear wherein they are erroneous. (Neitzey’s Case, 17 C. Cls. R., 111.) They cannot be impeached by the official report of measurements made by other public officers, for other purposes, in transactions between other parties.
The settlement between the parties remains unimpeached, and the findings show that the claimant has been paid for all the work done by him on his contract, and his petition must be dismissed.